IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TERESA SUE WARNER,            )
                              )
            Plaintiff,        )    No. 3:12-cv-1246-TC
                              )
       v.                     )    ORDER
                              )
Commissioner of Social Security,  )
                              )
            Defendant.        )

    Plaintiff brings this proceeding to obtain judicial review of the Commissioner's final decision denying plaintiff's application for supplemental security income benefits. Plaintiff seeks a reversal for the payment of benefits, or, in the alternative, for further proceedings.

    Plaintiff asserts disability due to rheumatoid arthritis, fibromyalgia, multilevel degenerative disc disease of the cervical spine with spondylosis and facet arthropathy, severe

1 - ORDER

osteoarthritis, tendinitis, hypohydroidism, diabetes, asthma and chronic pain syndrome.

At step four of the sequential evaluation process, the ALJ found that plaintiff was not able to perform her past relevant work which was skilled medium exertional work. The ALJ found at step 5 that plaintiff could perform a range of sedentary to light semi-skilled work and gave the following examples: security guard, gate guard, and information clerk, each existing in significant numbers in the national economy.

Plaintiff contends that the ALJ erred in failing to credit medical opinions and in assessing plaintiff's credibility.

Plaintiff also argues that the ALJ erred in failing to include rheumatoid arthritis as a "severe" impairment at step two of the sequential analysis. Defendant contends that even if there was error at step two, it was harmless as the ALJ's residual functional capacity finding accounted for any limitation that may have been attributable to plaintiff's rheumatoid arthritis.

Plaintiff argues that the error was not harmless as the ALJ found plaintiff's arthritis has been controlled by medication, but that in reality the record shows that medication does not completely control the condition and causes severe nausea for a day or two after her weekly dose. Plaintiff contends that by failing to include rheumatoid arthritis as a severe impairment, the ALJ was circumventing the requirement of consideration of the type,

2 - ORDER

dosage, effectiveness, and side effects of any medication the claimant takes or has taken to alleviate pain or other symptoms. 20 C.F.R. 404.15(c)(3)(iv); SSR 96-7p. The Ninth Circuit has observed that an ALJ must consider all factors that might have a significant impact on an individual's ability to work, including side effects of medication. Erickson v. Shalala, 9 F.3d 813, 818 (9th Cir. 1993).

The ALJ asked plaintiff about her rheumatoid arthritis medication at the hearing:

> Q. Are you still taking Methotrexate?
> A. Yes. I take a lower dose because my liver started getting affected.
> Q. Do you notice any side effects from –
> A. Yes, I get extremely nauseous.
> Q. Do you take it daily?
> A. No, once a week.
> Q. How long does the nausea last?
> A. A day and a half. Sometimes two.

Tr. 61.

In his decision, the ALJ discussed plaintiff's medical records at length for several purposes and also noted in relation to such medical records:

> As of May 24, 2010, she alleged that she had nausea from Methotrexate, perhaps the only instance when she reported significant side-effects.

Tr. 22.

The ALJ did not otherwise expressly discuss nausea from Methotrexate in his opinion.

The ALJ did find plaintiff to not be entirely credible. Tr. 17-25.

3 - ORDER

A review of the medical records indicates some references to nausea and adjusting dosages and also some speculation that the nausea might be caused by Metformin, plaintiff's diabetes medication, e.g., Tr. 358, Tr. 360, Tr. 389. There are also additional records that defendant notes the ALJ did not have an opportunity to review, e.g. Tr. 369, 387, 391.

All things considered, the record needs to be more fully developed as there is ambiguous evidence and the record is inadequate to allow for proper evaluation of the evidence. See, Mayes v. Massinari, 276 F.3d 453, 459-460 (9th Cir. 1999).

The ALJ shall contact plaintiff's primary care physician and rheumatologist (Dr. Barker and Dr. Maier) and request new or more detailed information and reports as the ALJ see fit. The ALJ shall request information as to the origins of plaintiff's nausea and if a variance to the dosage or the timing of the taking of the dosage of plaintiff's medication could have an impact on plaintiff's ability to work. The ALJ shall then consider and weigh all the evidence and perform a new five step sequential analysis.

4 - ORDER

CONCLUSION

The decision of the Commissioner is reversed and this action is remanded for further proceedings pursuant to sentence four of 42 U.S.C. §405(g).

DATED this 21 day of October, 2013.

THOMAS M. COFFIN
United States Magistrate Judge

5 - ORDER